**CASTELLANI LAW FIRM, LLC**
David R. Castellani, Esquire - ID #: 023691991
450 Tilton Road, Suite 245
Northfield, New Jersey 08225
(609) 641-2288
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSICA SERVAIS, ADMINSTRATOR AD PROSEQUENDUM AND ADMINISTRATOR OF THE ESTATE OF JACOB SERVAIS, <br><br> Plaintiff(s), <br> v. <br><br> DETECTIVE JOHN CACCIA and/or DETECTIVE MICHAEL JEFFERSON, individually and as an agents, servants and/or employees of Cape May County Prosecutors Office, State of New Jersey and/or Lower Township, <br> PAUL SKILL, Chief of Detectives Cape May County Prosecutors Office individually and as an agent, servant and/or employee of Cape May County Prosecutors Office, County of Cape May and/or State of New Jersey, <br> COUNTY OF CAPE MAY, <br> CAPE MAY COUNTY PROSECUTOR'S OFFICE, <br> CITY OF VINELAND, <br> LOWER TOWNSHIP, <br> STATE OF NEW JERSEY, <br> JOHN DOE OFFICERS 1-100, JOHN DOE DETECTIVES 1-100, JOHN DOE CAPE MAY COUNTY PROSECUTOR'S OFFICE EMPLOYEES 1-100, JOHN DOE LOWER TOWNSHIP POLICE OFFICERS 1-100, JOHN DOE SUPERVISORS 1-10, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY, Jointly, Severally and/or in the Alternative <br> Defendant(s), | *Civil Action No:* <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **COMPLAINT** |

Plaintiff, Jessica Servais, residing in the City of Vineland, County of Cumberland, State of New Jersey by way of Complaint against the Defendants, says:

## FIRST COUNT

1) On October 18, 2018 around 3:30p.m., the Plaintiff's Decedent, Jacob Servais was parked in the parking lot of "Just for Wheels Car, Truck and Van Rental", located in the 2500 block of South Delsea Drive, in the City of Vineland, County of Cumberland, State of New Jersey.

2) At the time and place aforesaid, the Defendants Detective John Caccia, Detective Michael Jefferson, along with other John Doe Detectives and/or Officers 1-100, were in the course of employment as an agent, servant, and employee of the Defendants, Cape May County Prosecutor's Office, County of Cape May, Lower Township, City of Vineland and/or State of New Jersey and intentionally used their vehicles to block in Jacob Servais' vehicle within a parking space as to prevent Plaintiff's Decedent's car from moving forward or in reverse from the parking space within which car Plaintiff's Decedent was seated.

3) At the time and place aforesaid, the Defendants, Detective John Caccia and Detective Michael Jefferson, and the aforementioned officers/detectives, John Doe Detectives and/or Officers 1-100, as an agent, servant, and employee of Defendants Cape May County Prosecutor's Office, County of Cape May, Lower Township, City of Vineland and/or State of New Jersey, used their vehicles to block and prevent Plaintiff's Decedent from exiting the parking space he was in, and opened fire upon and shot Jacob Servais in his chest through the windshield of his car with his/or their service weapon(s) in such a careless, reckless, wanton, willful, deliberate, negligent and/or grossly negligent fashion as to cause the death of Jacob Servais, all at a time when Jacob Servais had his hands raised in the air,

was unarmed, posed no threat of serious bodily injury to the officers, detectives, or anyone in the immediate area, and was otherwise defenseless.

4) As a result of these Defendants' conduct as aforementioned, Plaintiff's Decedent Jacob Servais sustained severe and fatal trauma and injuries and passed away as a result of the gunshot wounds to his chest on October 18, 2018.

5) Upon information and belief, a witness at the scene of the shooting stated she was terrified and did not even know which direction shots were coming from as she witnessed Jacob Servais get shot through his windshield of the car he occupied while his hands were raised in a surrendering manner and presented no threat of serious bodily injury or death to the Defendants or others in the area.

6) Upon information and belief, another witness stated he knew the cops were waiting for somebody and when he went outside, he saw Jacob Servais laying on the floor with CPR being performed on him.

7) Jacob Servais was unarmed, non-confrontational and exhibited no resistance at the time the shooting occurred and posed no threat of immediate serious bodily injury or harm to the officers, detectives, or anyone else in the near vicinity.

8) Prior to Defendant Caccia's unjustified use of deadly force on the Plaintiff's decedent, Defendant Caccia can be heard on police communication referring to Plaintiff's decedent, an African American male as an "asshole."

9) The above incident, was caused solely by the intentional, reckless, wanton, willful, deliberate and/or negligent, careless, and/or grossly negligent actions of the Defendants Detective John Caccia, Detective Michael Jefferson, John Doe Officers and Detectives 1-100 employed by Cape May County Prosecutor's Office, County of Cape May, Lower Township, City of Vineland and/or State of New Jersey, which conduct consisted of the

following, but not limited to: (a) use of deadly force and discharging a firearm at an unarmed person posing no threat of serious bodily injury to the defendants or anyone else in the area; (b) failure to follow the policies and procedures of Cape May County Police Department, Lower Township Police Department and/or the New Jersey Attorney General Guidelines on the use of deadly force; and (c) conducting policing in a manner without due regards to the safety of others including the Plaintiff's Decedent.

10) As a direct and proximate result of the aforementioned intentional conduct, negligence, gross negligence, carelessness, and recklessness, and deliberate indifference of the Defendants, the Plaintiff's Decedent was caused to sustain severe and fatal injuries which further caused the loss of his life.

11) At the time and place aforesaid, the Defendants John Caccia, Michael Jefferson, along with other John Doe 1-100 detectives and/or officers, were in the course of employment and an agent, servant, and employee of the Defendants, Cape May County Prosecutor's Office, County of Cape May, City of Vineland, Lower Township, and/or State of New Jersey, and as such, these Defendants are vicariously liable for Defendant, John Caccia, Michael Jefferson and/or John Doe Defendants' negligence, gross negligence, carelessness, recklessness and/or willful or wanton conduct as an agent, servant, and employee. It is further alleged, that the Defendants, Cape May County Prosecutor's Office, County of Cape May, City of Vineland, Lower Township, and/or State of New Jersey, were negligent, careless, and reckless and deliberately indifferent in the training and supervising of Defendant John Caccia, Michael Jefferson and John Doe Officers and/or Detectives 1-100 with respect to the use of force, use of deadly force, and arrest process and procedures which also was a proximate cause of Plaintiff's injuries.

12) Plaintiff filed Tort Claims Notices with the Defendants on or about January 14, 2019, within ninety (90) days of the date of the aforementioned incident.

13) Six (6) months has passed since the receipt of the Tort Claims Notices by the Defendants.

14) Plaintiff Jessica Servais is the mother of the decedent Plaintiff and has been appointed Administrator Ad Prosequendum and Administrator of the Estate of Jacob Servais by the Cumberland County Surrogate.

15) Plaintiff brings this action against the Defendants under New Jersey's Wrongful Death Act N.J.S.A. 2A:31-5 and the New Jersey Survivorship Act. N.J.S.A. 2A:15-3 for damages including emotional distress, conscious pain and suffering, fear of impending death, permanent injuries, medical expenses, funeral expenses, loss of advice and counseling, services, consortium and such other damages permitted under the law.

***WHEREFORE,*** Plaintiff, Jessica Servais, Administrator Ad Prosequendum and Administrator of the Estate of Jacob Servais demands judgment against these Defendants for damages, interest, costs of suit, attorneys' fees, and such other relief as the court deems just and equitable.

## SECOND COUNT

1) Plaintiff, Jessica Servais, Administrator Ad Prosequendum and Administrator of the Estate of Jacob Servais repeats and re-alleges the previous Count of this Complaint as if fully set forth herein at length.

2) Defendants Detective John Caccia, Detective Michael Jefferson, John Doe Officers 1-100, and John Does 1-00 committed the aforementioned actions and/or omissions under the Color of Law and by virtue of their authority as Law Enforcement Officers for Cape May County Prosecutor's Office, County of Cape May, City of Vineland, Lower Township, and/or State of New Jersey and have substantially deprived the Plaintiff's Decedent of his

clearly established rights, privileges, and immunities guaranteed to him as a citizen of the United States and of New Jersey in violation of 42 U.S.C. § 1983 and the New Jersey Civil Rights Act N.J.S.A. 10:6-2 et seq. and deprived the Plaintiff of his rights guaranteed to him under the Fourth, Eighth, and Fourteenth Amendment of the United States Constitution and the New Jersey Constitution's counterparts including but not limited to:

a.) the freedom from unlawful search and seizure;

b.) the freedom from unlawful arrest and seizure of their persons;

c.) the freedom from the use of unreasonable, unjustified, and excessive force, including the unjustified use of deadly force;

d.) the freedom from the deprivation of liberty, property, and life without due process of law;

e.) the freedom from summary punishment;

f.) the freedom from state created dangers; and

g.) the freedom from arbitrary government activity which shocks the conscience of civilized community and society in violation of the Constitution and right to Substantive Due Process.

3) The Defendants are sued in their individual capacity and in their official capacity as well.

4) As a direct and proximate result of the acts and omissions of all Defendants, the Plaintiff's Constitutional Rights were violated, and Plaintiff was severely and fatally injured and sustained severe and permanent injuries causing his death.

5) The actions of the Defendants in viciously targeting the shooting of the unarmed and surrendering Plaintiff's Decedent at a time when he was offering no resistance and posed no threat of immediate serious bodily harm to the Defendant Officers and/or Detectives nor anyone in the vicinity were unjustified, unreasonable and unconstitutional and deprived

Plaintiff of his constitutional rights in violation of the 4th, 5th, 8th and 14th Amendments of the United States Constitution and their New Jersey Constitutional counterparts guaranteeing Plaintiff the right to be free from unlawful searches and seizures, unlawful arrest, and the use of unreasonable and excessive force and deadly force for purposes of affecting arrest, as well as his rights to substantive due process.

6) The Defendants, including Detective John Caccia, Detective Michael Jefferson and John Doe Officers and Detectives 1-100, each filed police reports containing false information for purposes of concealing their unlawful conduct, including their use of excessive force and deadly force with respect to the unlawful arrest of the Plaintiff's Decedent. These Defendants also proffered false and misleading testimony under oath to a Grand Jury for purposes of concealing their wrongdoings and criminal conduct. These Defendants committed these acts in furtherance of a conspiracy to deprive the Plaintiff's decedent of his constitutional rights as aforementioned including the right to substantive due process.

7) The Defendants and each of them including Defendant Caccia, Defendant Jefferson and John Doe Officers/Detectives 1-100, further intentionally failed to activate or wear their body worn cameras or activate the dash cam videos in their vehicles to purposefully conceal their illegal and unconstitutional behavior and for purposes of avoiding detection and criminal prosecution for their unconstitutional and criminal acts and omissions.

8) As a direct and proximate result of these actions and omissions of these Defendants, Plaintiff's Federal and State Constitutional Rights were violated, which caused the Plaintiff to sustain severe and permanent injuries which resulted in his death.

9) The actions of the Defendants were unjustified, unreasonable, unconstitutional, deprived the Plaintiff of his Constitutional Rights in violation of the Fourth, Fifth, Eighth, and

Fourteenth Amendments of the United States Constitution and their New Jersey Constitutional Counter Parts.

**WHEREFORE,** Plaintiff, Jessica Servais, Administrator Ad Prosequendum and Administrator of the Estate of Jacob Servais demands judgment against these Defendants for compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, and such other relief as the court deems just and equitable.

## THIRD COUNT

1) Plaintiff, Jessica Servais, Administrator Ad Prosequendum and Administrator of the Estate of Jacob Servais repeats and re-alleges the previous Count of this Complaint as if fully set forth herein at length.

2) Defendants Cape May County Prosecutor's Office, County of Cape May, City of Vineland, Lower Township, and/or State of New Jersey are directly liable for Plaintiff's damages due to the following policies or customs of inadequate training, supervision, monitoring, discipline, screening, or hiring which were in effect at the time of this incident and which was the underlying cause of Plaintiff's injuries. Further, such Defendants' failure to supervise and monitor or provide for supervision of Defendants Caccia, Jefferson and John Doe Defendants on October 18, 2018 in relation to the surveillance and/or covert operation. Defendant Paul Skill was and is the Chief of Detectives for the Defendant Cape May County Prosecutors Office and at all times alleged herein Defendant Skill as Chief of Detectives had a duty and obligation to train, supervise and monitor the individual defendants and officers and had a duty to supervise and monitor the undercover covert operation on October 18, 2018.

   a.) Defendants Cape May County Prosecutor's Office, Defendant Paul Skill Chief of Detectives, John Doe Supervisors 1-10, County of Cape May, City of Vineland, Lower

Township, and/or State of New Jersey failed to adequately train and supervise its police officers and detectives including Defendant Caccia, Defendant Jefferson and John Doe Police Officers/Detectives 1-100 regarding proper arrest procedures and techniques, the proper use of force and deadly force, probable cause determinations, criminal investigations at the obvious risk and consequence of leading to repeated constitutional violations in deliberate indifference and reckless disregard of the welfare of the public at large including the Plaintiff;

b.) Defendants Cape May County Prosecutor's Office, Chief of Detectives of the Cape May County Prosecutor's Office Paul Skill, County of Cape May, City of Vineland, Lower Township, and/or State of New Jersey failed to adequately monitor and evaluate the performance of its officers including Defendant Caccia, Defendant Jefferson and John Doe Police Officers/Detectives 1-100 and their compliance with the laws and policies, practices and customs with respect to probable cause determinations, arrest procedures, undercover or covert operations and stake outs, internal affairs procedures, the use of force and deadly force in criminal investigations in deliberate indifference and reckless disregard of the welfare of the public at large including the Plaintiff. It is further alleged that these Defendants' failure to notify the local law enforcement authorities of this covert operation and obtain their approval for the same outside of their jurisdiction;

c.) Cape May County Prosecutor's Office, County of Cape May, City of Vineland, Lower Township, and/or State of New Jersey, and Defendant Paul Skill Chief of Detectives of the Cape May County Prosecutor's Office, repeatedly and knowingly has failed to properly train its officers including Defendants with respect to the violations of the law of the State of New Jersey, the Constitution of the United States, and its own policies on use of force and deadly force, probable cause determinations, arrest procedures, undercover or

covert operations and stake outs, internal affairs procedures, creating a pattern, policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is tolerated, condoned and accepted by the Defendants, including Chief Skill, with deliberate indifference and with the reckless disregard of the public at large, including the Plaintiff;

d.) Cape May County Prosecutor's Office, Chief of Detectives, Paul Skill, County of Cape May, City of Vineland, Lower Township, and/or State of New Jersey allow officers to engage in conduct that violates the constitutional rights of persons in custody or the subject of investigation, including the Plaintiff, without fear of reprimand, discipline or termination, creating an atmosphere where such unconstitutional behavior is ratified, tolerated and condoned in reckless disregard and in deliberate indifference to the welfare of the public including the Plaintiff;

e.) Cape May County Prosecutor's Office, Chief of Detectives, Paul Skill County of Cape May Prosecutor's Office, City of Vineland, Lower Township, and/or State of New Jersey knew that a "code of silence" existed between and amongst their officers and detectives, whereby officers and detectives would not report illegal or unconstitutional conduct of other officers/detectives to their superiors and failed to take steps necessary to break the "code of silence" which includes, but is not limited to properly supervising officers, properly investigating critical incidents, holding officers accountable for misconduct and failing to report misconduct, creating an atmosphere where officers violate the constitutional rights of the public at large in deliberate indifference to and in reckless disregard of the constitutional rights of the public including the Plaintiff. Further, Defendants Cape May County Prosecutor's Office, County of Cape May, City of Vineland, Lower Township, and/or State of New Jersey are liable for Defendants Caccia, Jefferson and John Doe Police Officers/Detectives 1-100 actions under the doctrine of agency,

vicarious liability, employer/employee relationship, master servant, and respondeat superior and as a result of their non-delegable duty to provide officers who comply with the constitutions of the law of the United States of America and the State of New Jersey with respect to all common law claims pled herein.

3) The Internal Affairs Divisions of the Defendants had knowledge of the aforementioned policies, practices and customs of the Cape May County Prosecutor's Office, County of Cape May, City of Vineland, Lower Township, and/or State of New Jersey, and specifically the propensity of the Defendant Detectives/Officers to use excessive force or deadly force, and conduct improper arrests as previously alleged and specifically the propensity of the Defendants and had notice that such practices, policies and customs were taking place within the Police Departments and/or Prosecutor's Offices within the command among the Defendants and other officers as well and consciously disregarded these Defendant Officers/Detectives unconstitutional conduct with deliberate indifference creating the risk that the officers within the police departments, including the Defendant Caccia, Defendant Jefferson and John Does 1-100 would continue to utilize excessive force or deadly force to effect an arrest in violation of the constitutional rights of the Plaintiff's Decedent as well as the citizens of these municipalities and that the actions of these Defendants as well as other members of the Police Departments in utilizing excessive force or deadly force to effectuate an arrest were substantially certain to re-occur in the future causing injuries to the Plaintiff's Decedent.

4) Further, the Defendants Cape May County Prosecutor's Office, Chief of Detectives Paul Skill, County of Cape May, City of Vineland, Lower Township, and/or State of New Jersey at the time, had knowledge of or should have had knowledge of the actions of the Defendants and had deliberately failed to exercise their duties to instruct, supervise, control

and discipline the individual Defendants on a continuing basis thereby permitting the Defendants to continue to use excessive force, deadly force and/or conduct improper arrests with deliberate indifference to the Plaintiff's Decedent's rights, by failing and refusing to prevent the same through discipline, retraining and/or supervision.

5) As a direct and proximate result of the foregoing policies, practices and customs of the Defendants Cape May County Prosecutor's Office, County of Cape May, City of Vineland, Lower Township, and/or State of New Jersey violations of the constitutional rights of the citizens of the City of Vineland and New Jersey were substantially certain to occur and did occur causing the Plaintiff severe and permanent injuries.

**WHEREFORE**, Plaintiff, Jessica Servais, Administrator Ad Prosequendum and Administrator of the Estate of Jacob Servais demands judgment against these Defendants for punitive damages, compensatory damages, interest, costs of suit, attorneys' fees, and such other relief as the court deems just and equitable.

## FOURTH COUNT

1) Plaintiff, Jessica Servais, Administrator Ad Prosequendum and Administrator of the Estate of Jacob Servais repeats and re-alleges the previous Count of this Complaint as if fully set forth herein at length.

2) The Defendants and each of them conspired to violate the civil rights of the Plaintiff by targeting him for unwarranted violence, specifically by utilizing deadly force by shooting him multiple times in the chest, at a time where he had surrendered to the Defendants, posed no risk of serious bodily harm to the officers, was not committing any type of crime, nor was he a risk to any members of the public in the near vicinity by subjecting him to a brutal assault and deadly force, and eventually causing his wrongful death, and by each Defendant creating and coordinating the content of their

12 | P a g e

reports with each other by not wearing or activating their body worn or dashboard cameras and creating false police reports alleging actions by the Plaintiff more serious in nature and that were for purposes to rationalize their violent actions, excessive force, deadly force and mistreatment toward the Plaintiff all for the intentional and deliberate purpose to conceal the extent of the damage that these police Defendants perpetrated against the Plaintiff. Each of the individual Defendants coordinated their false police reports with each other, intentionally failed to wear or activate their body worn cameras and/or dashboard cameras and testifying falsely in front of a Grand Jury, all in an attempt to avoid their illegal conduct and civil responsibility for their constitutional violations against the Defendants.

**WHEREFORE,** Plaintiff, Jessica Servais, Administrator Ad Prosequendum and Administrator of the Estate of Jacob Servais demands judgment against these Defendants for punitive damages, compensatory damages, interest, costs of suit, attorneys' fees, and such other relief as the court deems just and equitable.

## FIFTH COUNT

1) Plaintiff, Jessica Servais, Administrator Ad Prosequendum and Administrator of the Estate of Jacob Servais repeats and re-alleges the previous Count of this Complaint as if fully set forth herein at length.

2) The actions and/or omissions of the Defendant Caccia, Jefferson, Skill, John Doe Supervisors 1-10 and John Doe Police Officers/Detectives 1-100 complained of herein were unlawful, conscious shocking, unconstitutional and performed maliciously, recklessly, fraudulently, intentionally, willfully, wantonly, in bad faith and in such a manner to entitle the Plaintiff to a substantial award of punitive damages against the Defendants.

3) As a direct and proximate result of the aforementioned actions and omissions of the Defendants, Plaintiff's Decedent was wrongfully murdered. The damages for which Plaintiff Jessica Servais seeks compensation from the Defendants both jointly severally and in the alternative including but not limited to the following: emotional distress and pain and suffering, loss of enjoyment of life, fright, fear, humiliation, aggravation, anxiety and attorney's fees pursuant to 42 U.S.C. §1998 and the New Jersey Civil Rights Act, punitive damages, pre-imposed judgment interest, declaratory relief holding that the policies, practices and/or customs of the Defendants complained of are illegal and unconstitutional and preclusion of Defendants Caccia, Jefferson, Skill, John Doe Supervisors 1-10 and John Doe Police Officers/Detectives 1-100 from serving in the capacity of law enforcement officers and such other equitable and general relief as the court deems just and proper.

**WHEREFORE,** Plaintiff, Jessica Servais, Administrator Ad Prosequendum and Administrator of the Estate of Jacob Servais demands judgment against these Defendants for punitive damages, compensatory damages, interest, costs of suit, attorneys' fees, and such other relief as the court deems just and equitable.

## SIXTH COUNT

1) Plaintiff, Jessica Servais, Administrator Ad Prosequendum and Administrator of the Estate of Jacob Servais repeats and re-alleges all previous Counts of this Complaint as if fully set forth herein at length.

2) The acts, omissions and conducts of Defendant Caccia, Jefferson and John Doe Officers/Detectives 1-100 constitute assault, battery, trespass, and trespass to chattels, false arrest, false imprisonment, conspiracy, negligent and intentional infliction of emotional distress and intentional infliction of emotional distress under the New Jersey Survivorship

Statute as well as negligent training, hiring and supervision of the Defendant Officers/ Detectives, including Detectives Caccia and Jefferson.

3) Defendants Cape May County, City of Vineland, Lower Township, Cape May County Prosecutor's Office, Detective John Caccia, Detective Michael Jefferson, State of New Jersey, John Doe Supervisors 1-10, John Doe Officers 1-100, John Doe Detectives 1-100, Cape May County Prosecutor's Office Employees 1-100, John Does, Individually and in their official capacity, jointly, severally and/or in the alternative are liable to the Plaintiff pursuant to principals of agency, master/servant and Respondeat Superior.

4) As a direct and proximate result of the aforementioned acts and omissions of all Defendants, the Plaintiff has been damaged and injured all to her detriment.

**WHEREFORE,** Plaintiff, Jessica Servais, Administrator Ad Prosequendum and Administrator of the Estate of Jacob Servais demands judgment against these Defendants for damages, interest, costs of suit, attorneys' fees, and such other relief as the court deems just and equitable.

## SEVENTH COUNT

1) Plaintiff, Jessica Servais, Administrator Ad Prosequendum and Administrator of the Estate of Jacob Servais repeats and re-alleges all previous Counts of this Complaint as if fully set forth herein at length.

2) At the aforesaid time and place, the Defendants, John Doe Supervisors 1-10, John Doe Officers, John Doe Detectives 1-100, John Doe 1-100 were and are unknown person or persons or were and are unknown employees of the other Defendants in the State of New Jersey, whose actions caused and/or contributed, directly or indirectly, to the incident herein and the injuries and damages suffered by the Plaintiff's Decedent Jacob Servais.

3) The Plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other individuals who may be responsible in whole or in part for the causation of the aforesaid incident. For the purpose of the within complaint, said individuals have been nominated as John Doe Supervisors 1-10, John Doe Officers 1-100, John Doe Detectives 1-100, and John Does 1-100. The Plaintiff, pursuant to the Rules of Court for the State of New Jersey, reserves the right to amend the within complaint relative to additional Defendants when, and if, the identity of said individuals becomes known.

4) As a direct and proximate result of the aforementioned carelessness and negligence of the Defendants John Doe Supervisors 1-10, John Doe Officers 1-100, John Doe Detectives 1-100, and John Does 1-100, the Plaintiff's Decedent Jacob Servais sustained severe injuries which led to a wrongful death, and Plaintiff Jessica Servais, Administrator Ad Prosequendum and Administrator of the Estate of Jacob Servais has been otherwise damaged.

***WHEREFORE,*** Plaintiff, Jessica Servais, Administrator Ad Prosequendum and Administrator of the Estate of Jacob Servais demands judgment against these Defendants for damages, interest, costs of suit, attorneys' fees, and such other relief as the court deems just and equitable.

### JURY DEMAND

Plaintiff hereby demands trial by a jury on all issues herein.

### DEMAND PURSUANT TO RULE 4:17-1(b)(iii)

Pursuant to Rule 4:17-1(b)(ii), the Plaintiff hereby demands answers to Uniform C Interrogatories in lieu of service of the interrogatories themselves.

### DEMAND OR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to Rule 4:10-2(b) demand is hereby made that you disclose to the undersigned

whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a Judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the Judgment. If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) name and address of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

## **DESIGNATION OF TRIAL COUNSEL**

David R. Castellani, Esquire, is hereby designated as trial counsel in this matter.

## **CERTIFICATION UNDER RULE 4:5-1**

I, David R. Castellani, Esquire, by certifying, pursuant to New Jersey Court Rule 4:5-1, that to the best of my knowledge, the claims raised herein are not the subject of any other action pending in any Court of the subject of any arbitration proceeding, and no such other action or arbitration is contemplated.

I certify that the foregoing statements made by me are true and accurate to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for perjury.

Castellani Law Firm, LLC

Dated: October 15, 2020                By:_____
David R. Castellani, Esquire
Attorneys for Plaintiff(s), Jessica Servais,
Administrator Ad Prosequendum and
Administrator of the Estate of Jacob Servais